**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEREMIE COX, Derivatively on Behalf of ING GLOBAL REAL ESTATE FUND, <br><br> Plaintiff, <br><br> v. <br><br> ING INVESTMENTS LLC, <br><br> Defendant. | Civil Action No. 13-1521 (SLR) |

**JOINT [PROPOSED] DISCOVERY PLAN**

At Wilmington this ___ day of March 2014, the parties having satisfied their obligations under Federal Rule of Civil Procedure 26(f), and the court having conducted a pretrial scheduling conference pursuant to Federal Rule of Civil Procedure 16 and District of Delaware Local Rule 16.2(a) and (b).

IT IS ORDERED THAT:

1. **Pre-Discovery Disclosures.** Plaintiff Jeremie Cox ("<u>Plaintiff</u>") served the information required by Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.2. Defendant ING Investments, LLC ("<u>Defendant</u>") will serve its initial disclosures by March 18, 2014.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    Plaintiff will need discovery concerning (1) the services provided by Defendant to ING Global Real Estate Fund (the "<u>Fund</u>"); (2) the compensation received by Defendant from the Fund; (3) the negotiation of the Amended and Restated Investment Management Agreement ("<u>Management Agreement</u>") between the Fund and Defendant; (4) comparative fee structures; (5) the duties, responsibilities, and obligations of the Fund's Board of Trustees ("<u>Trustees</u>"), particularly with respect to negotiating and approving the Management Agreement and

overseeing/evaluating Defendant's performance; (6) the services provided by CBRE Clarion Securities LLC ("CBRE Clarion") to the Fund and/or Defendant; (7) the compensation received by CBRE Clarion from the Fund and/or Defendant; (8) the negotiation of the July 1, 2011 Sub-Advisory Agreement between CBRE Clarion and Defendant; (9) the extent to which Defendant realized economies of scale, and passed those economies of scale to investors / the Fund; and (10) any potentially conflicting relationships between the Trustees, Defendant, and/or CBRE Clarion.

Defendant would need discovery from Plaintiff regarding the circumstances and details of his investments in the Fund.

(b) All fact discovery shall be commenced in time to be completed **twelve (12) months** from the date upon which Defendant files its answer to the complaint. Such discovery will not be conducted in phases or limited to particular issues.

(c) Unless otherwise agreed upon by the parties or ordered by the Court, the following shall govern fact discovery between the parties:

(1) Each party will serve a maximum of **twenty-five (25)** interrogatories on any other party;

(2) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before the fact discovery deadline. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery Including Discovery of Electronically Stored Information" ("ESI") shall govern.

(3) Each party will serve a maximum of **twenty-five (25)** requests for admission on any other party; and

(4) Plaintiff and Defendant will take a maximum of **fifteen (15)** depositions each, not including any expert depositions. Each deposition is limited to a maximum of **seven (7) hours** on the record.

(d) Expert discovery shall be commenced in time to be completed within **seven (7) months** from the date upon which fact discovery closes.

(1) Plaintiff's expert report(s), if any, are due **within two (2) months** from the date upon which fact discovery closes.

(2) Defendant's expert report(s), if any, are due **within two (2) months** from the date upon which it receives Plaintiff's expert report(s).

(3) Expert depositions will not exceed **seven (7) hours** on the record unless otherwise agreed upon by the parties or ordered by the Court.

(e) Any discovery dispute shall be submitted to the court pursuant to Federal Rule of Civil Procedure 37.  No such motion shall be filed absent prior approval from the Court.

(f) The Court shall make itself available to resolve through a telephonic conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed before **July 1, 2014**.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.[1]

5. **Summary Judgment Motions.**  All summary judgment motions shall be served and filed within **two (2) months** from the date upon which expert discovery closes and the subsequent briefing of such motions shall be governed by Local Rule 7.1.2 with a hearing to be held as soon as practicable after briefing is complete.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

---

[1] The court may also refer ADR to a Special Master.

- 4 -

  6. **Applications by Motion.**  Any application to the Court shall be by written motion filed with the clerk and contain the statement required by Local Rule 7.1.1.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers.  Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency and shall contain no attachments.

  7. **Motions in Limine.**  All motions in limine shall be filed on or before two weeks before the pretrial conference.  All responses to said motions shall be filed on or before one week before the pretrial conference.

  8. **Pretrial Conference.**  A pretrial conference will be held on ____ at ____ in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware, or on a date and time to be decided by the Court.  The Federal Rules of Civil Procedure and Local Rule 16.4 shall govern the pretrial conference.

  9. **Trial.**  This matter is scheduled for a trial commencing on ____ in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington Delaware, or on a date to be decided by the Court.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

  10. **Final Deadlines.**  Following the decision on Defendant's Motion to Transfer, the parties will confer to set exact dates based on the time periods set forth above.

| | |
|---|---|
| BOUCHARD MARGULES & FRIEDLANDER, P.A. | PINCKNEY, WEIDINGER, URBAN & JOYCE LLC |
| /s/ Joel Friedlander | /s/ Patricia R. Urban |
| Joel Friedlander (#3163) | Patricia R. Urban (#4011) |
| Jaclyn Levy (#5631) | Seton C. Mangine (#5574) |
| 222 Delaware Avenue, Suite 1400 | 1220 N. Market Street, Suite 950 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 573-3500 | (302) 504-1526 |
| jfriedlander@bmf-law.com | purban@pwujlaw.com |
| jlevy@bmf-law.com | smangine@pwujlaw.com |
| | |
| ROBBINS ARROYO LLP | MILBANK, TWEED, HADLEY & McCLOY LLP |
| Brian J. Robbins | James N. Benedict (*pro hac vice*) |
| Stephen J. Oddo | Sean M. Murphy (*pro hac vice*) |
| Edward B. Gerard | Matthew Laroche (*pro hac vice*) |
| Justin D. Rieger | 1 Chase Manhattan Plaza |
| 600 B Street, Suite 1900 | New York, NY 10005 |
| San Diego, CA 92101 | (212) 530-5000 |
| (619) 525-3990 | jbenedict@milbank.com |
| brobbins@robbinsarroyo.com | smurphy@milbank.com |
| soddo@robbinsarroyo.com | |
| egerard@robbinsarroyo.com | *Attorneys for Defendant* |
| jrieger@robbinsarroyo.com | |

*Attorneys for Plaintiff*

SO ORDERED this _____ day of March, 2014

_____
The Honorable Sue L. Robinson
United States District Court Judge