IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEREMIE COX, Derivatively on Behalf of ING GLOBAL REAL ESTATE FUND, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-1521-SLR |
| ING INVESTMENTS LLC, | ) ) | |
| Defendant. | ) ) | |

Joel Friedlander, Esquire and Jaclyn Levy, Esquire of Friedlander & Gorris, P.A., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Stephen J. Oddo, Esquire, Edward B. Gerard, Esquire, and Justin D. Rieger, Esquire of Robbins Arroyo LLP.

Patricia R. Uhlenbrock, Esquire and Seton G. Mangine of Pinckney, Weidinger, Urban & Joyce LLC, Wilmington, Delaware. Counsel for Defendant. Of Counsel: James N. Benedict, Esquire and Sean M. Murphy, Esquire, of Milbank, Tweed, Hadley & McCloy LLP.

**MEMORANDUM OPINION**

Dated: June 6, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On August 30, 2013, plaintiff Jeremie Cox ("Cox") filed a complaint derivatively on behalf of ING Global Real Estate Fund ("the Fund") against defendant ING Investments LLC ("ING") alleging that ING breached its fiduciary duty under Section 36(b) of the Investment Company Act of 1940, as amended 15 U.S.C. § 80a-35(b) ("Section 36(b)"), by charging the Fund excessive management fees. (D.I. 1) Presently before the court is ING's motion to transfer this action to the District of Arizona. (D.I. 12) The court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 80a-43 and 80a-35(b)(5), and 28 U.S.C. § 1331. For the reasons that follow, the motion is denied.

## II. BACKGROUND

Cox is a shareholder of the Fund. (D.I. 1 at ¶ 9) The Fund is a management investment company within the ING Mutual Funds, a Delaware statutory trust ("the Trust"). (*Id.* at ¶¶ 2, 10) Its executive offices are located at 7337 East Doubletree Ranch Road, Suite 100, Scottsdale, Arizona. (*Id.* at ¶ 10) The Fund does not have any employees. (D.I. 13 at 5) Shares of the Fund are sold nationwide. (*Id.*) Moreover, 34% of the Fund's shares are held by Delaware entities, with additional shares held by individuals residing in Delaware. (D.I. 15 at 7)

The Trust is organized pursuant to Delaware law. (D.I. 1 at ¶ 7) It maintains a registered agent in Delaware and any amendments to the Trust's Certificate of Trust would be filed in Delaware. (D.I. 13 at 5)

ING acts as investment manager and advisor to the Fund, providing services for which the Fund pays ING fees. (D.I. 1 at ¶ 2; D.I. 13 at 4) ING is an Arizona limited

liability company and maintains its principal place of business at 7337 East Doubletree Ranch Road, Suite 100, Scottsdale, Arizona. (D.I. 13 at 4) It does not have any offices in Delaware, and none of its officers live or work in Delaware. (*Id.*) Many of ING's officers and employees who provide services to the Fund live and work in Arizona. (*Id.* at 4-5)

The Fund's board of trustees ("the Board") oversees the Fund and approves the annual management agreement between the Fund and ING. (*Id.* at 2, 6) The management agreement is governed by Delaware law. (D.I. 15 at 7) The Board is made up of eleven independent trustees, who are located throughout the country, including in Georgia, Tennessee, Florida, and North Carolina. (D.I. 13 at 6) None of the independent trustees are located in Delaware or Arizona. (*Id.*; D.I. 15 at 12)

## III. STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a

2

predictable, legitimate venue for bringing suit"[1] and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - **but only to the extent that the witnesses may actually be unavailable for trial in one of the fora**; and the location of books and records (**similarly limited to the extent that the files could not be produced in the alternative forum**).
>
> The public interests have included: the enforceability of the

---

[1] In the court's view, a statutory trust is an analogous artificial entity to a corporation. Therefore, the framework for analyzing the proper venue for a corporation is applicable to the Delaware statutory trust at issue in this case.

> judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted) (emphasis added).

## IV. DISCUSSION

With the above "jurisdictional guideposts" in mind, the court turns to the "difficult issue of federal comity" that transfer motions present. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988). Cox has not challenged ING's assertion that the instant action could have been brought in the District of Arizona. *See* 28 U.S.C. § 1404(a); (D.I. 15 at 2)

The parties have all chosen legitimate forums in which to pursue the instant litigation. Given that "convenience" is separately considered in the transfer analysis, the court declines of elevate a defendant's choice of venue over that of a plaintiff based on defendant's convenience. Therefore, the fact that plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims remains a significant factor.

With respect to where the claim arose, ING argues that many of the operative facts relating to Cox's Section 36(b) claim occurred in Arizona, such as the services provided by ING to the Fund and the negotiation and execution of the management agreement, while none occurred in Delaware. (D.I. 13 at 14) Cox, however, contends that the claim has nationwide scope since it arises entirely under the federal securities laws. (D.I. 15 at 9) The underlying facts are connected to all fora where shares of the

Fund were acquired or held, including Delaware. (*Id.* at 8)

The Third Circuit in *Jumara* indicated that, in evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. In this case, ING is a large company and Cox is a single shareholder; therefore, it follows that ING has greater resources to bear the cost of litigating in Delaware. Additionally, ING's litigation history shows that it has litigated in several states.[2]

Considering the convenience of the witnesses and specifically whether witnesses "actually may be unavailable for trial in one of the fora," ING has not argued that any potential witness would be unavailable for trial in Delaware, only that none of these witnesses reside or work in Delaware and that many are located in Arizona.[3] (D.I. 13 at 17-18); see *Smart Audio Techs., L.L.C. v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) ("[T]his factor is only given weight when there is some reason to believe that a witness actually will refuse to testify absent a subpoena."). However, ING does not disclose the residency of the three named personnel witnesses, and acknowledges that the independent trustees live throughout the country with none residing in Arizona. (*Id.* at 6, 18)

ING claims that "virtually all" of the documents that pertain to the complaint are stored in Arizona. (*Id.* at 19) However, ING fails to show how these documents are

---

[2] A search for "ING Investments" in the PACER case locator reveals ING has been a party to three cases in Massachusetts and one case in Indiana.

[3] Depositions in the cases over which this judicial officer presides are generally taken where the deponents reside or work. There is no suggestion that this case will be an exception.

5

incapable of being presented at trial in Delaware.[4]

As to practical considerations, the court recognizes that trial in Arizona would likely be less expensive and easier for ING. As Cox has not disclosed his residency, it is unclear as to whether Delaware would be an easier and less expensive forum than Arizona.

With respect to administrative difficulty, trial in this case will be scheduled consistent with the parties' proposals. Local interest in deciding local controversies is not a dispositive factor, as securities litigation does not constitute a local controversy in most cases. Indeed, securities litigation is governed by federal law and affects national markets. In this regard, the instant litigation involves an investment fund that has shareholders nationwide, including many entities and individuals in Delaware.

The remaining *Jumara* public interest factors - the enforceability of a judgment, the public policies of the fora, and the familiarity of the judge with state law - carry no weight in this transfer analysis.

## V. CONCLUSION

In sum, ING has the burden of persuading the court that transfer is appropriate, not only for its convenience but in the interests of justice. For the foregoing reasons, ING's motion to transfer venue (D.I. 12) is denied. An order shall issue.

---

[4] Indeed, ING's chosen counsel are based in New York, and presumably will be reviewing documents transmitted electronically.