# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JEREMIE COX, Derivatively on Behalf of ING GLOBAL REAL ESTATE FUND, | : : : | |
| Plaintiff, | : : : | Civ. Action No. 13-01521 (SLR) |
| v. | : : | |
| ING INVESTMENTS, LLC, | : : | |
| Defendant. | : : | |

## ANSWER TO PLAINTIFF'S COMPLAINT

PINCKNEY, WEIDINGER, URBAN
& JOYCE LLC
Patricia R. Urban (#4011)
Seton C. Mangine (#5574)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
Telephone:  (302) 504-1526
purban@pwujlaw.com
smangine@pwujlaw.com

MILBANK, TWEED, HADLEY & McCLOY LLP
James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
jbenedict@milbank.com
smurphy@milbank.com
mlaroche@milbank.com

*Attorneys for ING Investments, LLC*

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant ING Investments, LLC ("Defendant"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendant denies the allegations in the Complaint.

1.      Defendant admits that Plaintiff purports to bring this action on behalf of the ING Global Real Estate Fund (the "ING Fund") pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), but denies that Plaintiff has any claim under that section.[1]

2.      Defendant denies the allegations in Paragraph 2 of the Complaint, except admits that Defendant serves as the investment adviser to the ING Fund for which Defendant is paid fees by the ING Fund, and respectfully refers the Court to the ING Fund's Prospectus for a description of the principal investment strategies of the ING Fund.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff purports to bring this action on behalf of the ING Fund pursuant to Section 36(b) of the ICA and purports to seek the damages and relief set forth in Paragraph 4, but denies that Plaintiff has any claim under Section 36(b) of the ICA or is entitled to any damages or relief, and otherwise denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant neither admits nor denies the allegations in Paragraph 5 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 5 of the Complaint.

---

[1] As of May 1, 2014, the ING Fund changed its name to the Voya Global Real Estate Fund, and ING Investments, LLC changed its name to Voya Investments, LLC.

6.      Defendant neither admits nor denies the allegations in Paragraph 6 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant neither admits nor denies the allegations in Paragraph 7 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 7 of the Complaint, except admits that the ING Fund is a series of ING Mutual Funds (the "Trust") and that the Trust is a Delaware statutory trust.[2]

8.      Defendant neither admits nor denies the allegations in Paragraph 8 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 8.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis denies the allegations.

10.     Defendant admits that the ING Fund is a series within the Trust, that the Trust is organized as a Delaware statutory trust with its principal place of business at 7337 East Doubletree Ranch Road, Suite 100, Scottsdale, Arizona, and that as of April 30, 2013, the ING Fund had net assets of approximately $5.4 billion and share classes of A, B, C, I, O, R, and W, but otherwise denies the allegations in Paragraph 10 of the Complaint and respectfully refers the Court to the ING Fund's Prospectus for a description of the principal investment strategies of the ING Fund.

11.     Defendant neither admits nor denies that Defendant owes fiduciary and other duties to Plaintiff and all security holders of the ING Fund insofar as said allegation constitutes conclusions of law.  Defendant otherwise denies the allegations in Paragraph 11, except admits

_____

[2] As of May 1, 2014, the Trust changed its name to Voya Mutual Funds.

that Defendant is a registered investment adviser, that Defendant provides services to registered

investment companies, and that Defendant's principal place of business is located at 7337 East

Doubletree Ranch Road, Suite 100, Scottsdale, Arizona.  Defendant futher admits that Defendant

entered into an Amended and Restated Investment Management Agreement with the ING Fund

on or about February 1, 2005 (the "Investment Management Agreement") and that Defendant is

compensated by the ING Fund for providing investment management services, and respectfully

refers the Court to the Investment Management Agreement for the full content and context

thereof as well as subsequent amendments to that agreement.

12.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies the

allegations, except admits that CBRE Clarion Securities LLC ("CBRE Clarion") provided certain

services to the ING Fund pursuant to a contract between Defendant and CBRE Clarion dated

July 1, 2011 (the "Sub-Advisory Agreement"), and respectfully refers the Court to the Sub-

Advisory Agreement for the full content and context thereof as well as subsequent amendments

to that agreement.[3]

13.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 13 of the Complaint and on that basis denies the

allegations.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint, and

respectfully refers the Court to the statutes referred to in Paragraph 14 for the full content and

context thereof.

---

[3] As of May 7, 2013, the Investment Management Agreement and Sub-Advisory Agreement were both
superseded by new agreements made between, respectively, Defendant and the ING Fund, and Defendant and
CBRE Clarion.

3

15.      Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that the ICA was amended in 1970 to add Section 36(b), and respectfully refers the Court to the statutes referred to in Paragraph 15 for the full content and context thereof.

16.      Defendant neither admits nor denies the allegations in Paragraph 16 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 16 and respectfully refers the court to the statutes referred to in Paragraph 16 for the full content and context thereof.

17.      Defendant denies the allegations in Paragraph 17 of the Complaint.

18.      Defendant denies the allegations in Paragraph 18 of the Complaint, except admits that ING entered into the Investment Management Agreement on or about February 1, 2005, and respectfully refers the Court to the Investment Management Agreement for the full content and context thereof as well as subsequent amendments to that agreement.

19.      Defendant denies the allegations in Paragraph 19 of the Complaint and respectfully refers the Court to the Investment Management Agreement referred to in Paragraph 19 for the full content and context thereof as well as subsequent amendments to that agreement.

20.      Defendant denies the allegations in Paragraph 20 of the Complaint, and respectfully refers the Court to the Investment Management Agreement referred to in Paragraph 20 for the full content and context thereof as well as subsequent amendments to that agreement.

21.      Defendant denies the allegations in Paragraph 21 of the Complaint, except admits that Defendant was paid fees by the ING Fund, whether or not there was a sub-adviser, pursuant to the Investment Management Agreement and that these fees were expressed as an annual rate as follows:  0.80% on the first $250 million of the ING Fund's average daily net assets; 0.775%

on the next $250 million of the ING Fund's average daily net assets; and 0.70% of the ING

Fund's average daily net assets in excess of $500 million.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint, except admits

that Defendant entered into the Sub-Advisory Agreement with CBRE Clarion, and respectfully

refers the Court to the agreements referred to in Paragraph 22 for the full content and context

thereof as well as subsequent amendments to those agreements.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint, except admits

that the ING Fund is overseen by a Board of Trustees, a majority of whom are independent from

Defendant, and respectfully refers the Court to the Statement of Additional Information referred

to in Paragraph 23 for the full content and context thereof.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint, except admits

that CBRE Clarion is paid fees by Defendant for providing certain services to the ING Fund and

that these fees are expressed as an annual rate as follows:  0.40% on the first $200 million of the

ING Fund's average daily net assets; 0.35% on the next $550 million of the ING Fund's average

daily net assets; and 0.30% of the ING Fund's average daily net assets in excess of $750 million.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint, except admits

that, in fiscal year 2012, Defendant was paid approximately $27.6 million in advisory fees by the

ING Fund and that Defendant paid CBRE Clarion approximately $12.1 million for certain

services it provided to the ING Fund pursuant to the Sub-Advisory Agreement between

Defendant and CBRE Clarion.

26.    Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 27 and otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis denies the allegations.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint, except admits that in fiscal year 2006 the ING Fund had net assets of approximately $619 million and paid Defendant approximately $2.8 million in investment management fees, and that in fiscal year 2012 the ING Fund had net assets of approximately $4.5 billion and paid Defendant approximately $27.6 million in advisory fees.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint, except admits that Defendant's fee schedule for the ING Fund contains breakpoints, that Defendant's fee schedule for the ING Fund has not changed since April 28, 2006, and that as of April 30, 2013, the ING Fund had net assets of approximately $5.4 billion.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint, except admits that CBRE Clarion's fee schedule for the ING Fund contains breakpoints.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint, except admits that as of April 30, 2013, the ING Fund had net assets of approximately $5.4 billion and that Defendant is paid fees by the ING Mid Cap Value Fund expressed as an annual rate of 0.70% of the fund's average daily net assets.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint, except admits that, in fiscal year 2012, Defendant was paid approximately $27.6 million in fees from the ING Fund and that Defendant paid CBRE Clarion approximately $12.1 million in fees for certain services provided to the ING Fund pursuant to the Sub-Advisory Agreement between Defendant and CBRE Clarion.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis denies the allegations.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant neither admits nor denies the allegations in Paragraph 39 of the Complaint insofar as the allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint, except admits that as of December 31, 2012, the ING Fund Complex was comprised of 182 funds, and that in the fiscal year ending October 31, 2012, the eight Trustees on the Board of Trustees set forth in the chart contained in Paragraph 40 received total compensation from the ING Fund and the ING Fund Complex in the amounts set forth in said chart.  Defendant further admits that Robert W. Crispin was a trustee on the Board of Trustees for the ING Fund from November 28, 2007 through May 21, 2013, and was not compensated for his services as a trustee, and that Shaun P. Mathews is Defendant's President and Chief Executive Officer ("CEO") and a trustee on the Board of Trustees for the ING Fund and is not compensated for his services as a trustee.

41.     Defendant neither admits nor denies the allegations in Paragraph 41 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint, except admits that the ING Fund is governed by the Board of Trustees and that, in calendar year 2012, the Board of Trustees for the ING Fund met eight times and the Contract Committee for that Board met nine times.  Defendant further admits that the ING Fund has a prospectus, regulatory filings, and compliance issues to review and respectfully refers the Court to the referenced prospectuses and regulatory filings for the full content and context thereof.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint, except admits that Shaun Mathews serves as Defendant's President and CEO and as a trustee on the Board of Trustees for the ING Fund.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint, except admits that the Investment Management Agreement between the ING Fund and Defendant contained several breakpoints including at $250 million and at $500 million in assets.

46.     Defendant denies the allegation in Paragraph 46 of the Complaint and respectfully refers the Court to the Semi-Annual Report referred to in Paragraph 46 for the full content and context thereof.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1 to 47 of the Complaint and otherwise incorporates the responses contained above.

8

49.     Defendant neither admits nor denies the allegations in Paragraph 49 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that Plaintiff purports to bring this action derivatively on behalf of the ING Fund pursuant to Section 36(b) of the ICA, but denies that the Plaintiff has any claim under that section and otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant admits that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, but denies that Plaintiff has any claim under that section or is entitled to damages or any other relief, and otherwise denies the allegations in Paragraph 55.

56.     Defendant neither admits nor denies the allegations in Paragraph 56 of the Complaint insofar as said allegations constitute conclusions of law, admits that Plaintiff purports to seek rescission and restitution, but denies that Plaintiff has any claim to such relief, and otherwise denies the allegations in Paragraph 56 of the Complaint.

*   *   *

57.     Defendant denies each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

58.     By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are

9

pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is

entitled to any relief whatsoever.

### First Defense

59.     The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

60.     Plaintiff's claims are barred in whole or in part by the applicable statute of

limitations and the one-year "look-back" statutory limitation on damages.

### Third Defense

61.     Defendant did not engage in any conduct which would constitute a breach of

fiduciary duty.

### Fourth Defense

62.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver,

estoppel, unclean hands, and/or ratification.

### Fifth Defense

63.     Plaintiff has not suffered any losses or damages proximately caused by his

investment in the ING Fund or by any breach of fiduciary duty as set forth in the Complaint.

### Sixth Defense

64.     At the time Plaintiff first became an alleged shareholder of the ING Fund, he was

or should have been aware that an advisory fee equal to or greater than that now in effect had

been approved by a majority of the Board of Trustees of the ING Fund.  Plaintiff was fully

informed of all material facts concerning investing in the ING Fund, including the level and

calculation of Defendant's compensation, and knowingly entered into the investment.  On this

basis, Plaintiff is estopped and precluded from maintaining this action on behalf of the ING

Fund.

10

Seventh Defense

65.     Defendant acted at all times and in all respects in good faith and with due care.

Eighth Defense

66.     The Independent Trustees of the ING Fund received adequate information from Defendant and exercised good faith business judgment in approving the agreement in effect when Plaintiff allegedly became a shareholder, and in subsequently approving renewals of the agreement containing the advisory fee currently in effect.

Ninth Defense

67.     Plaintiff lacks standing to bring the claims asserted in the Complaint.

Tenth Defense

68.     To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendant's rights to procedural and substantive due process.

Eleventh Defense

69.     Plaintiff is not entitled to a jury trial.  *See, e.g.*, *In re Evangelist*, 760 F.2d 27, 30-31 (1st Cir. 1985); *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980).

Twelfth Defense

70.     Plaintiff cannot challenge only a portion of the services provided pursuant to the management agreement, as all services should be considered in assessing whether a violation of Section 36(b) has occurred.

<u>Thirteenth Defense</u>

71.     Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

Dated:  July 7, 2014

PINCKNEY, WEIDINGER, URBAN
& JOYCE LLC

 /s/ Patricia R. Urban
Patricia R. Urban (#4011)
Seton C. Mangine (#5574)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
Telephone:  (302) 504-1526
purban@pwujlaw.com
smangine@pwujlaw.com

MILBANK, TWEED, HADLEY & McCLOY LLP
James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
jbenedict@milbank.com
smurphy@milbank.com
mlaroche@milbank.com

*Attorneys for ING Investments, LLC*