## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JEREMIE COX, Derivatively on Behalf of ING
GLOBAL REAL ESTATE FUND,

                                    Plaintiff,

v.

ING INVESTMENTS LLC,

                                    Defendant.

Civil Action No. 13-1521 (SLR)

## STIPULATION AND [PROPOSED] ORDER GOVERNING
## THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in

discovery proceedings, which include, among other things, taking depositions and producing

documents; and

WHEREAS, those proceedings have involved and will necessarily involve the production

of certain discovery containing information that the producing party believes to be confidential

and sensitive commercial, financial, business, and/or personal information;

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their

undersigned counsel, subject to the approval of the Court, that this Stipulation and Order for the

Protection and Exchange of Confidential Information (the "Discovery Confidentiality Order" or

"Order") will govern the handling of documents, electronically stored information, deposition

testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory

responses, responses to requests to admit, and responses to requests for documents, and any other

information or material produced, given or exchanged, including any information contained

therein or derived therefrom ("Discovery Material") by or among any party or non-party providing Discovery Material in the Litigation.

1.      Any party to the Litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any Discovery Material:  (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.1.3.  Any party to the Litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:

 "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to the Litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material that contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to the Litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO
DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.    All Confidential material shall be used by the receiving party solely for purposes
of the prosecution or defense of the Litigation, shall not be used by the receiving party for any
business, commercial, competitive, personal or other purpose, and shall not be disclosed by the
receiving party to anyone other than those set forth in Paragraph 4, unless and until the
restrictions herein are removed either by written agreement of counsel for the parties, or by
Order of the Court.  It is, however, understood that counsel for a party may give advice and
opinions to his or her client solely relating to the Litigation based on his or her evaluation of
Confidential material and may show such material to his or her client.

4.    Confidential material and the contents of Confidential material may be disclosed
only to the following individuals under the following conditions:

a.    Outside counsel (herein defined as any attorney at the parties' outside law
firms) and relevant in-house counsel for the parties;

b.    Outside experts or consultants retained by outside counsel for purposes of
the Litigation, provided they have signed a non-disclosure agreement in the form
attached hereto as Exhibit A;

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel
of the foregoing;

d.    The Court and court personnel;

e.    Any deponent may be shown or examined on any Discovery Material
designated Confidential if the producing party consents to such disclosure or if it
appears that the witness:

1. authored or received a copy of it;

2. was involved in the subject matter described therein,

3. is employed by the party who produced the Discovery Material;

4. is or was a member of the Board of Trustees for the Voya Global Real Estate Fund (formerly known as the "ING Global Real Estate Fund"); or

5. is or was a consultant retained by or on behalf of the Defendant or the aforementioned Board of Trustees;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.      The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to the Litigation.

5.      Confidential material shall be used only by individuals permitted access to it under Paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.      Plaintiff anticipates using Discovery Material designated Confidential or Attorneys' Eyes Only in his filings, in depositions, at hearings, and/or at trial.  The parties agree

- 4 -

that Plaintiff shall electronically file redacted copies of any Discovery Material designated as Confidential and/or Attorneys' Eyes Only, or any filings incorporating the substance of such Discovery Material, and provide non-redacted courtesy copies to the Court. The producing party shall then have sixty (60) days from the time of filing to file a motion to seal.  If no such motion is filed or if such a motion is denied, Plaintiff may re-file unredacted copies of such documents.

7.      With respect to any depositions that involve disclosure of Confidential material belonging to a party to the Litigation, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8.      Discovery Material produced and marked as Attorneys' Eyes Only may be disclosed only to the individuals described in Paragraph 4(a), (b), (c), and (e) above, the Court pursuant to the procedure specified in Paragraph 6 above, or to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

9.      If counsel for a party receiving Discovery Material designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the Discovery Material in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the Discovery Material is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)      If a dispute as to a Confidential or Attorneys' Eyes Only designation of Discovery Material cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with Federal Rule of Civil Procedure 37 and Local Civil Rule 37.1.  No motion shall be filed absent prior approval from the Court.  The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10.      All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.1.3.

11.      If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information and (i) with respect to Confidential information, persons other than those described in Paragraph 4(a)-(g) are present or (ii) with

respect to Attorneys' Eyes Only information, persons other than those described in Paragraph 4(a)-(e) are present, it may do so only after giving notice to the producing party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the Discovery Material as Confidential Attorneys' Eyes Only under this Discovery Confidentiality Order.

13. When the inadvertent or mistaken disclosure of any Discovery Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such Discovery Material shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or immunity if appropriate within forty-five (45) days after receiving notice of the inadvertent or mistaken disclosure.

14.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

15.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16.     This Discovery Confidentiality Order supersedes any prior agreements among the parties governing the treatment of Discovery Material in the Litigation.  Documents or things produced in the Litigation prior to execution of this Discovery Confidentiality Order shall, from the date of execution of this Discovery Confidentiality Order by the parties, be governed by the terms of this Order.  The terms of this Discovery Confidentiality Order shall take effect upon execution and even in the absence of an order from the Court.

17.     This Discovery Confidentiality Order shall survive the termination of the Litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18.     Within sixty (60) days of the final conclusion of the Litigation, each party or other individual subject to the terms hereof shall be under an obligation either to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy  all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing

Confidential material, and to provide a written certification that all such Confidential material has been returned to the producing party or destroyed; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

19.     This Order may be changed only by written, signed agreement of the parties as approved by the Court, or further order of the Court, and is without prejudice to the rights of any Party to seek relief from or variation of any of its provisions.

DATED: October 14, 2014

FRIEDLANDER & GORRIS, P.A.

*/s/ Joel Friedlander*

Joel Friedlander (#3163)
Benjamin P. Chapple (#5871)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
jfriedlander@friedlandergorris.com
bchapple@friedlandergorris.com

ROBBINS ARROYO LLP
Brian J. Robbins
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
600 B Street, Suite 1900
San Diego, CA 92101
(619) 525-3990
brobbins@robbinsarroyo.com
soddo@robbinsarroyo.com
egerard@robbinsarroyo.com
jrieger@robbinsarroyo.com

*Attorneys for Plaintiff*

PINCKNEY, WEIDINGER, URBAN & JOYCE LLC

*/s/ Patricia R. Urban*

Patricia R. Urban (#4011)
Seton C. Mangine (#5574)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
(302) 504-1526
purban@pwujlaw.com
smangine@pwujlaw.com

MILBANK, TWEED, HADLEY & McCLOY LLP
James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
Thomas A. Arena (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000
jbenedict@milbank.com
smurphy@milbank.com
tarena@milbank.com

*Attorneys for Defendant*

IT IS SO ORDERED.

Dated: _____          _____
                               Hon. Sue L. Robinson, U.S.D.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JEREMIE COX, Derivatively on Behalf of ING GLOBAL REAL ESTATE FUND,<br><br>                                        Plaintiff,<br><br>v.<br><br>ING INVESTMENTS LLC,<br><br>                                        Defendant. | Civil Action No. 13-1521 (SLR) |

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1.      My address is _____

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential

Material and summaries, abstracts, and indices thereof which come into my possession, and

documents or things which I have prepared relating thereto, to counsel for the party for whom I

was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____
                                                                                 [Name]