IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JEREMIE COX** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 13-1521** |
| **ING INVESTMENTS LLC,** *et al* | : | |

## ORDER

**AND NOW,** this 23rd day of August 2017, upon random reassignment and following today's Telephone Status Conference, it is **ORDERED** the May 17, 2017 Scheduling Order (ECF Doc. No. 95) is **VACATED** as to prospective obligations and:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.ded.uscourts.gov.

2. Rebuttal expert reports shall be exchanged no later than **September 22, 2017** and all fact and expert discovery shall be served, noticed and completed by **October 23, 2017.**[1]

3. Summary judgment and *Daubert* motions, if any, shall be filed no later than **November 20, 2017**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **December 4, 2017**. Motions for summary judgment and responses shall comply with this Court's Policies including:

    (a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and

---

[1] Should *all* parties wish to extend this *discovery* deadline *without extending any other deadlines*, the parties may agree to do so without seeking leave of the Court.

entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended,

and shall include a table of contents. This Court will not consider party documents not included in the appendix.

       (f)     Parties shall provide Chambers with one (1) paper courtesy copy of all summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

       (g)     Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

    4.     Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

    5.     The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

    6.     No later than **January 16, 2018**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

    7.     No later than **January 22, 2018**, each party shall file a pretrial memorandum compliant with this Court's Policies.

    8.     All motions in limine and deposition designations (providing the transcript to Chambers) shall be filed on or before **February 1, 2018**. Responses and counter-designations, if any, shall be filed on or before **February 12, 2018**.

9. Objections to deposition designations shall be filed on or before **February 20, 2018**.

10. A final telephonic pretrial conference will be held on **March 16, 2018** at **NOON EST**. Plaintiff's counsel shall initiate the call and contact Chambers at 267-299-7680 when all trial counsel are on the line.

11. Upon consent, counsel is attached for a seven (7) day trial beginning at 9:00 A.M. on **March 26, 2018** in Courtroom 6-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

KEARNEY, J.